IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Corbett, ) | |
| ) | CIVIL ACTION NO. 9:09-2494-HMH-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Jon Ozmint, David Tatarsky, Rob Peele, ) | |
| Michael McCall, Steven Claytor, ) | |
| Florence Mauney, Michael Najjar, Conrad ) | |
| Buehler, Miriam Cocciolone, each in their ) | |
| individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants.

Shortly after a responsive pleading was filed by the Defendants, Plaintiff filed a motion for summary judgment. In an attached "brief in support", Plaintiff essentially reiterates the allegations of his complaint regarding the Defendants' alleged denial of adequate access to the courts to the Plaintiff. Plaintiff specifically faults the Defendants for failing to properly file legal papers, to provide reasonable access to law books and legal research materials, and in general discriminating against him. Plaintiff also contends that his grievances have not been adequately processed, as well as that he has been defamed by being labeled a sex offender.



Plaintiff has presented no affidavits or any other kind of exhibits as evidence in support of his motion, and Defendants argue in a response memorandum that Plaintiff's motion should be denied because it contains nothing more than a reiteration of the conclusory allegations of his complaint, and does not meet the requirements for summary judgment under Rule 56. The undersigned is constrained to agree. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate, and Plaintiff has manifestly failed to meet this burden.

Plaintiff has obviously failed to meet the requirement of showing entitlement to judgment as a matter of law, as he has offered nothing more in his motion than the claims and allegations set forth in his complaint. He has provided no evidence to support a grant of summary judgment in this case. By contrast, the Defendants have provided two affidavits, with attached materials, demonstrating the existence of a genuine issue of fact with respect to Plaintiff's claims. see generally, Najjar Affidavit, with attached exhibits; Brennan Affidavit, with attached exhibits. Therefore, the Court cannot find that no genuine issue as to any material fact exists warranting a trial at this point in time. Muhammad v. Klotz, 36 F.Supp.2d 240, 243 (E.D.Pa. 1999)["Thus, at the summary judgment stage the only inquiry is the threshold one of determining whether there is the need for a trial, that is, 'whether the evidence presents a sufficient disagreement to require submission to [the trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'"].



**<u>Conclusion</u>**

Based on the foregoing, it is recommended that the Plaintiff's motion for summary judgment be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 11, 2010

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

